# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Roberto Carrillo-Bastida,<br><br>        Petitioner,<br><br>vs.<br><br>Diane J. Humetewa, et al.,<br><br>        Respondents. | No. CV 09-868-PHX-MHM (JRI)<br><br>**ORDER** |

Pending before the Court is Petitioner's "Motion Pursuant To Rule 9(b) of the Fed. Rul. Cv. Proc." (Doc. #4). The Court will grant the Motion in part and deny it in part, and will dismiss the Petition and this action for failure to comply with the Court's May 6, 2009 Order (Doc. #3).

**I.     Procedural Background**

On April 23, 2009, Petitioner Roberto Carrillo-Bastida, who is confined in the Florence Correctional Center in Florence, Arizona, filed a *pro se* "Mandamus Motion For An Action To Compel An Officer Of The United States To Perform Its Duty, 29 U.S.C. § 1361(a)" (Doc. #1). Petitioner did not pay the $350.00 civil action filing fee or file an Application to Proceed *In Forma Pauperis*.

By Order filed May 6, 2009 (Doc. #3), the Court gave Petitioner 30 days from the filing date of the Order to pay the fee or file a completed Application to Proceed *In Forma*

**JDDL**

*Pauperis* and a certified six-month trust account statement.

## II.     Motion Pursuant to Rule 9(b)

On June 2, 2009, Petitioner filed a "Motion Pursuant To Rule 9(b) of the Fed. Rul. Cv. Proc." (Doc. #4), in which Petitioner seeks "a ruling on the merits since he is not seeking monetary damages, this Court to order the services to respond, or in the alternative dismis[s]al of action without prejudice so P[etitioner] can be able to refile new action."

Rule 9(b) of the Federal Rules of Civil Procedure provides in part that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." In his Motion, Petitioner alleges a "mistake of the mind" pursuant to Rule 9(b) of the Federal Rules of Civil Procedure in that he was not aware that "a 'mandamus motion for an action to compel the United States Marshals Services, or an officer of the United States to perform its duty' 28 U.S.C. § 1361(a) requires that Petitioner pay the $350.00 civil action filing fee, or that an Application to Proceed *In Forma Pauperis* an[d] a certificate of six months account statement needed to be file[d] with the mandamus motion."

While Petitioner may not have understood that an action pursuant to 28 U.S.C. § 1361 requires payment of the $350.00 filing fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, payment of the fee incrementally as set forth in 28 U.S.C. § 1915(b)(1), Petitioner's lack of understanding does not relieve Petitioner of his responsibility for the fee. Accordingly, in the absence of the filing fee being paid, or an Application to Proceed *In Forma Pauperis* being filed, the Court will not order a response to the Petition or rule on the merits of the Petition as Petitioner requests in his Motion.

Instead, as noted below, the Court will dismiss the Petition and this action for failure to comply with the Court's May 6, 2009 Order (Doc. #3). In so doing, however, the Court will grant the Motion in part to the extent that Petitioner requests that the dismissal of this action be without prejudice.

## III.     Failure to Comply with Court Order

In the Court's May 6, 2009 Order (Doc. #3), Petitioner was given 30 days from the filing date of the Order to either pay the $350.00 filing fee or file a complete Application to

Proceed *In Forma Pauperis* and a certified six-month trust account statement. To date, over 40 days after the Court's Order was filed, Petitioner has failed to comply with the Order.

In the Court's Order, Petitioner was specifically cautioned that if he failed to timely comply with every provision of the Order, including the warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). Accordingly, the Petition (Doc. #1) and this action will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order filed May 6, 2009 (Doc. #3).

**IT IS ORDERED:**

(1) Petitioner's "Motion Pursuant To Rule 9(b) of the Fed. Rul. Cv. Proc." (Doc. #4) is **granted in part** to the extent that Petitioner requests that the dismissal of this action be without prejudice, and **denied in part** as to all other relief requested.

(2) The Petition (Doc. #1) and this action are **dismissed without prejudice** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the Court's Order filed May 6, 2009 (Doc. #3).

(3) The Clerk of Court **must enter judgment** accordingly.

DATED this 26th day of June, 2009.

_____
Mary H. Murguia
United States District Judge